**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



NORTHERN PLAINS RESOURCE
COUNCIL, INC.,

        Plaintiff-Appellant,

  v.

U.S. BUREAU OF LAND
MANAGEMENT and U.S.
DEPARTMENT OF THE INTERIOR,

        Defendants-Appellees,

SIGNAL PEAK ENERGY, LLC,

        Intervenor-Defendant-
        Appellee.

No.   16-35447

D.C. No. 1:14-cv-00060-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 4, 2017
Seattle, Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: LEAVY and CHRISTEN, Circuit Judges, and KOBAYASHI,[**] District Judge.

Northern Plains Resource Council, Inc. ("plaintiff") appeals the district court's grant of summary judgment in its action challenging a decision by the U.S. Bureau of Land Management and U.S. Department of the Interior ("BLM") to lease coal located in Montana's Bull Mountains to defendant-intervenor Signal Peak Energy, LLC. Plaintiff alleges that the BLM did not comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370d, when it analyzed the potential environmental impacts of the coal lease in its Environmental Assessment ("EA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment, *Envtl. Prot. Info. Ctr. v. U.S. Forest Serv.*, 451 F.3d 1005, 1008 (9th Cir. 2006) ("*EPIC*"). Judicial review of an agency's compliance with NEPA is governed by the Administrative Procedures Act, 5 U.S.C. §§ 701–06; *Klamath Siskiyou Wildlands Ctr. v. Boody*, 468 F.3d 549, 554 (9th Cir. 2006). Agency decisions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (some citations omitted) (quoting 5 U.S.C. § 706(2)(A)). "Agency action is valid if the agency considered the relevant factors

---

[**] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

and articulated a rational connection between the facts found and the choices made." *Lands Council v. McNair*, 629 F.3d 1070, 1074 (9th Cir. 2010) (internal quotation marks omitted).

1. Plaintiff contends that the BLM's cumulative-impacts analysis violated NEPA by failing to address reasonably foreseeable mining in the "mirror-image" mine to the north of the existing mine area. We reject this contention because the BLM reasonably determined that hypothetical future mining activity contemplated to the north is not currently a reasonably foreseeable future action. *See League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 762 (9th Cir. 2014) ("Although 'projects need not be finalized before they are reasonably foreseeable,' they must be more than merely 'contemplated.'" (internal citations omitted)); 36 C.F.R. § 220.3 (Definitions) ("Reasonably foreseeable future actions. Those Federal or non-Federal activities not yet undertaken, for which there are existing decisions, funding, or identified proposals."). Here, future mining activity to the north was a "remote and highly speculative consequence[]" that did not warrant analysis in the EA. *See Ground Zero Ctr. for Non–Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082, 1090 (9th Cir. 2004). The scope, magnitude, and time frame for future mining in the north have not been proposed or outlined. *See League of Wilderness Defenders*, 752

F.3d at 762. Because additional mining has not been proposed, "a cumulative effects analysis would be both speculative and premature." *See Jones v. Nat'l Marine Fisheries Serv.,* 741 F.3d 989, 1000 (9th Cir. 2013) (quoting *Lands Council v. Powell*, 395 F.3d 1019, 1023 (9th Cir. 2005)). Accordingly, the district court properly granted summary judgment on this issue.

2. The BLM did not improperly "tier" its analysis to a 1990 Environmental Impact Statement (EIS). Federal regulations allow "tiering," or incorporation by reference, the general discussions in a previous EIS that pertain to issues specific to a subsequent analysis. *See* 40 C.F.R. § 1508.28. Agencies may also tier "[f]rom an [EIS] on a specific action at an early stage" to a subsequent analysis at a later stage. 40 C.F.R. § 1508.28(b). Here, the BLM reasonably referenced analysis from its 1990 EIS to supplement and facilitate its analysis of the environmental effects of continued mining associated with its leasing decision. *See Kern v. U.S. Bureau of Land Mgmt.*, 284 F.3d 1062, 1073 (9th Cir. 2002) (tiering is encouraged to avoid repetitive discussions of issues previously included in another EIS). Plaintiff also contends that tiering was improper because the 1990 EIS data is too "stale" to be reliable. But plaintiff fails to point to any evidence, other than age, suggesting the unreliability of the 1990 data. The age of data, without more, is not dispositive as to reliability. *See Theodore Roosevelt Conservation P'ship v.*

*Salazar*, 616 F.3d 497, 512 (D.C. Cir. 2010) ("NEPA does not limit tiering to analyses still on the scientific cutting edge."). Accordingly, the district court properly granted summary judgment on this issue.

3. Plaintiff contends that the BLM failed to take the requisite "hard look" at the mining impacts upon the relevant topography and water resources. We disagree because the EA contained an extensive discussion of the anticipated effects that further mining would have on the area's topography and water resources, including the ground and surface water quality, the hydrolic impacts of groundwater, and the effects of mining operations on area springs. Because the BLM adequately considered the effects upon the affected topography and water resources, its decision was "fully informed and well-considered," and is entitled to judicial deference. *See Blue Mountains Biodiversity Project v. Blackwood*, 161 F.3d 1208, 1211 (9th Cir. 1998).

4. Plaintiff contends that the BLM's significant impacts analysis was improper because it relied on mitigation measures that minimized the impacts on surface and water resources. Although the BLM acknowledged the existence of some surface effects from subsistence, the BLM reasonably concluded that the overall surface effects from subsidence would be minor in the short term and negligible in the long term. The BLM noted that Signal Peak's current mining

permit required Signal Peak to mitigate short and long-term hydrologic and wetland impacts.  The BLM did not rely on any mitigation measures in its analysis to the extent that an EIS would be required, and its reasoned decision is consistent with its NEPA obligations.  *See Protect Our Communities Found. v. Jewell*, 825 F.3d 571, 578, 583-85 (9th Cir. 2016).

**AFFIRMED.**[1]

---

[1] The motion authorizing withdrawal as co-counsel for Signal Peak in this appeal, filed by Robert L. Burns, Jr., Daniel C. Garfinkel, and the law firm of Buchanan Ingersoll & Rooney PC, is granted.